## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| KATHERINE JEFFERSON, | ) | |
| | ) | |
| | ) | Civil Action File |
| Plaintiff, | ) | No. _____ |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| COASTAL CLEANING LLC, and | ) | |
| MELINDA MEYER, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Katherine Jefferson ("Plaintiff"), by and through counsel, files this Complaint against Defendants Coastal Cleaning, LLC ("Coastal Cleaning") and Melinda Meyer ("Meyer") (collectively "Defendants") and alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by failing to pay Plaintiff proper overtime wages.  Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, costs, and attorneys' fees.

In support of her claim, Plaintiff asserts as follows:

## INTRODUCTION

1.      This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff overtime wages during the period May 2021 through October 2021.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This case involves a question of federal law pursuant to the FLSA.  Damages are proper pursuant to 29 U.S.C. §§ 207 and 216.

3.     Coastal Cleaning is a Georgia corporation with its principal place of business located in Saint Simmons Island, Georgia and transacts business in this judicial district and division and subject to the jurisdiction of this Court.

4.     Defendant Meyer is a resident of Georgia and transacts business in this judicial district and division and subject to the jurisdiction of this Court.

5.     This Court has personal jurisdiction over Defendants.

6.     Venue is proper in the Sothern District of Georgia pursuant to 28 U.S.C. § 1391.  Defendants transact business in this judicial district, and a substantial portion of the events giving rise to the claims alleged herein by Plaintiff occurred in this judicial district.

## THE PARTIES

7.     Plaintiff is a citizen and resident of Georgia in this district and division.

8.     Defendant Coastal Cleaning is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as PO 21667, Saint Simons Island, GA, 31522.

9.     Coastal Cleaning's registered agent on file with the Georgia Secretary

of State is Melinda Meyer located at 1812 Ocean Road, Saint Simons Island, GA, 31522.

10.   Coastal Cleaning had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

11.   Coastal Cleaning regularly engages in interstate commerce including entering agreements with out of state customers, invoicing out of state customers, and receiving payments from out of state customers.

12.   At all relevant times, Defendant Meyer was the owner, general manager, and/or primary decision maker for Coastal Cleaning.

13.   Defendant Meyer can be served at 1812 Ocean Road, Saint Simons Island, GA, 31522.

14.   At all relevant times, Defendants have continuously been an employer and/or joint employer of Plaintiff engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

15.   Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

16.   Plaintiff was employed by Defendants as a laborer and house cleaner.

17.   At all times during her employment, Plaintiff was a non-exempt employee of Defendants.

18.    At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

19.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

**A. Defendant Meyer is Individually Liable for the FLSA Violations.**

20.    At all relevant times, Defendant Meyer was the owner, general manager, and/or primary decision maker for Coastal Cleaning; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; approved Plaintiff's hours and days off; and prepared Plaintiff's pay checks.

21.    Defendant Meyer, as an owner, general manager, and/or primary decision maker for Coastal Cleaning, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

22.    Defendant Meyer exercised sufficient control over Plaintiff to cause Defendant Meyer to be individually liable for the FLSA violations.

**B. Plaintiff's Employment with Defendants.**

23.    Defendants hired Plaintiff in approximately May 2021.

24.    Plaintiff's employment with Defendants ended in approximately October 2021.

25.    Plaintiff was employed as a house cleaner and her job duties included, but were not limited to, cleaning houses, vacuuming, washing dishes, sweeping floors, washing linens, cleaning and scrubbing counters and other surfaces, moving furniture, and dusting surfaces.

26.    In performing her job duties for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

27.    In performing her job duties for Defendants, Plaintiff did not direct or supervise the work of any employees.

28.    In performing her job duties for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

29.    In performing her job duties for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

30.    Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**C. Defendant Purposely Misclassified Plaintiff as an Independent Contractor to Avoid Paying Overtime.**

31.    Defendants exerted significant control over Plaintiff's work performance, including, but not limited to, the following:

a. Defendants provided Plaintiff with a daily schedule detailing each job that she needed to complete;

b. Defendants dictated the time Plaintiff was scheduled to arrive at each job site;

c. Defendants required Plaintiff to record her time using a timekeeper device maintained at Defendants' office;

d. Defendants controlled what days Plaintiff was scheduled to work, and Plaintiff was not free to work as many or as few days per week as she wished without penalty;

e. Defendants refused to give Plaintiff time off from work when requested;

f. Defendants dictated the method and scope of the work performed by Plaintiff and the time frame during which she had to perform said work;

g. Defendants required Plaintiff to perform her job with specific linens, towels, soap, and toilet paper supplied by Defendants;

h. Defendants provided Plaintiff with a gasoline allowance of $50 per month for travel to and from job sites;

i. Defendants sometimes required that Plaintiff complete paperwork regarding the work she performed; and

j. Defendants required that Plaintiff wear company-logoed shirts when

performing work for Defendants.

32.     Defendants also controlled Plaintiff in the following ways:

    a.  Plaintiff could not negotiate the amount she was paid by Defendants;

    b.  Plaintiff could not negotiate the agreement for work with Defendants;

    c.  Defendants dictated the price charged to the customers, and Plaintiff could not bill the customer for work she performed, or perform any additional work for the customer; and

    d.  Defendants did not permit Plaintiff to hire other workers to assist her with her work.

33.     Plaintiff did not have the opportunity for profit or loss depending upon her managerial skill for the work she performed for Defendants.

34.     Plaintiff had little investment in the equipment and/or materials required for her work and was not permitted to hire other workers to assist her with her work.

35.     The work performed by Plaintiff required little skill and minimal capital investment.

36.     Plaintiff did not possess any specialized skill before she worked for Defendants and was provided with training regarding how to perform the assigned duties.

37.     During the relevant period, the work that Plaintiff performed for

Defendants was an integral part of their business. Defendants received the majority of their revenue from the work performed by Plaintiff and other similar employees.

38.    Defendants did not perform a person-by-person analysis of Plaintiff's job duties when making the decision to classify her as an independent contractor.

39.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but it is not limited to:

     a. willfully misclassifying Plaintiff as exempt from the overtime requirements of the FLSA; and

     b. willfully failing to pay Plaintiff overtime wages for hours that she worked in excess of 40 hours per workweek.

**D. Plaintiff's Unpaid Overtime.**

40.    Defendants paid Plaintiff a flat hour rate of $13.00 per hour regardless of the amount of hours Plaintiff worked.

41.    Defendants denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours worked in excess of 40 hours per workweek.

42.    While Plaintiff's schedule varied, she regularly worked in excess of 40 hours per workweek.

43.    Defendants willfully and/or deliberately failed to pay Plaintiff her

earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

44.    Defendants maintained records of hours that Plaintiff worked.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

45.    Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

46.    At all relevant times, Defendants were engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

47.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

48.    Defendants misclassified Plaintiff as an independent contractor in an attempt to avoid paying Plaintiff overtime.

49.    At all relevant times, Defendants were an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees, including Plaintiff, who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

50.    Coastal Cleaning had annual gross revenue and volume of sales in

excess of $500,000.00 for each year in the relevant period.

51.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

52.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

53.     Plaintiff suffered damages due to Defendants' willful misconduct.

54.     Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A.     An award of compensation for unpaid wages to Plaintiff;

B.     An award of all liquidated damages for unpaid wages to Plaintiff;

C.     All such legal or equitable relief available pursuant to 29 U.S.C. § 216;

D.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

E.     Such other and further relief as this Court deems just and proper.

-10-

Respectfully submitted this October 19, 2021,

**HALL & LAMPROS, LLP**

*/s/ Gordon Van Remmen*
Gordon Van Remmen
Georgia Bar No. 215512
Brittany A. Barto
Georgia Bar No. 501673

400 Galleria Pkwy SE, Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiff*